**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-1424** |
| **ACCEPTANCE INDEMNITY INSURANCE COMPANY et al.** | **SECTION: "G"(3)** |

## ORDER

Before the Court is Plaintiff Wesley Thompson's ("Thompson") "Motion to Remand"[1] and "Motion to Strike Defendants' Untimely Filed Memorandum and/or Alternatively to Consider Plaintiff's Reply Memorandum."[2]  Having considered the motions, the memoranda, the record and the applicable law, the Court will deny both motions.

## I. Background

This litigation arises out of an automobile collision that occurred on or about June 20, 2013, wherein Thompson's vehicle was allegedly struck in the rear by a vehicle owned and operated by Defendant Billy Jordan ("Jordan") and insured by Defendant Acceptance Indemnity Insurance Company ("Indemnity Insurance") (collectively, "Defendants").[3] Thompson alleges that the accident was caused by the negligence of Jordan.[4] There appears to be no dispute that Thompson is a citizen of Louisiana, Jordan is a citizen of Mississippi, and Indemnity Insurance is a Nebraska corporation.[5]

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 7.

[3] Rec. Doc. 1-1 at p. 4.

[4] *Id.* at p. 5.

[5] *See id.*

1

On January 23, 2014, Thompson sent a settlement demand letter to Defendants, offering to resolve all claims in this matter for the total amount of $80,880.[6]  The parties did not enter into the proposed settlement, and on May 1, 2014, Thompson filed suit against Defendants in the Civil District Court for the Parish of Orleans.[7] Defendants were served on May 19, 2014.[8] Defendants removed the case to federal court on June 18, 2014, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.[9]

On July 14, 2014, Thompson filed the pending Motion to Remand, along with a  stipulation dated June 23, 2014, wherein he states that:

> [Thompson] stipulates and agrees that he waives all rights to and will make no attempt to enforce and/or collect any judgment in excess of a total of $75,000.00 for all claims, attorney's fees, or any other incidental expenses rendered against any defendant, their officers, directors, stockholders, agents, servants, employees and insurers, and including any and all incidental claims, claims for loss of consortium, etc.[10]

Defendants filed a memorandum in opposition to the motion to remand on  August 12, 2014.[11] On August 14, 2014, Thompson filed a "Motion to Strike Response/Memorandum in Opposition to Motion by Wesley Thompson,"[12] which was set for submission on September 3, 2014. Thompson filed a "Supplemental and Amending Memorandum in Support of Motion to Remand"[13] on

---

[6] Rec. Doc. 1-4.

[7] *Id.*

[8] *Id.* at p. 2.

[9] Rec. Docs. 1-4; 1.

[10] Rec. Doc. 4-2 at p. 2.

[11] Rec. Doc. 5.

[12] Rec. Doc. 7.

[13] Rec. Doc. 12.

November 7, 2014. Defendants have not filed any subsequent memoranda in this case.

## II. Motion to Strike Defendants' Untimely Filed Memorandum

### A.    Parties' Arguments

Thompson   moves to strike Defendants' memorandum in opposition to his motion to remand[14] because it was filed on August 12, 2014, six days after the matter was set to be heard.[15] Alternatively, he requests the Court to construe his Motion to Strike as a reply memorandum in further support of his Motion to Remand. Thompson avers that he made a demand of $80,880 against Defendants, who responded with an offer of $14,000.[16] He contends that he subsequently orally lowered the demand to $75,000, and that on March 20, 2014, Defendants made a written offer of $15,500.[17] According to Thompson, "[t]his provides evidence that more than three months before the filing of removal, the defendants were aware that the amount in controversy was less than $75,000."[18]

Thompson argues that the jurisdictional facts must be made at the time of removal when, in this case, he had already lowered his demand to $75,000.[19] Thompson further contends that "a court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time

---

[14] Rec. Doc. 5.

[15] Rec. Doc. 7 at p. 1.

[16] Rec. Doc. 7-1 at p. 2.

[17] *Id.* at pp. 1–2.

[18] *Id.* at p. 3.

[19] *Id.* (citing *De Aguilar v. Boeing Co.* 47 F.3d 1404, 1412 (5th Cir. 1995).

of removal."[20] Accordingly, Thompson avers, his June 23, 2014 stipulation[21] may be considered

because it is "post-removal evidence" that further clarifies the facts in this case.[22] Finally, Thompson

argues that:

> [Defendants were] aware that the amount in controversy was less than $75,000.00
> more than three months before filing for removal. They could have settled the claim
> at anytime before the claim being filed for $75,000.00, but chose not to do so.
> Therefore, at the time of removal there was a 'legal certainty' that the amount in
> controversy was less than $75,000.00.[23]

Defendants have filed no memoranda in opposition to Plaintiff's Motion to Strike.

**B.**   ***Law and Analysis***

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition

to a motion be filed eight days prior to the date set for hearing on the motion. Although Thompson's

Motion to Remand was set for hearing on August 6, 2014, Defendants inexplicably waited until

August 12, 2014 to file their "Opposition to Plaintiff's Motion to Remand."[24] The Court would be

well within its discretion to strike Defendants' memorandum as dilatory. However, because the

pending Motion to Remand concerns the Court's subject matter jurisdiction over this case, and

because Defendants, as the removing party, bear the burden of showing that federal jurisdiction

exists,[25] it would not be in the best interests of justice or judicial economy to strike Defendants'

memorandum without first considering the legal arguments that Defendants present. The Court will

---

[20] *Id.* (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 & n. 18 (5th Cir. 1998)).

[21] Rec. Doc. 4-2.

[22] Rec. Doc. 7-1 at p. 3.

[23] *Id.* at pp. 3–4.

[24] Rec. Doc. 5.

[25]  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

therefore deny Thompson's Motion to Strike, and will instead construe Thompson's motion as a reply memorandum.

## III. Motion to Remand

### A.   *Parties' Arguments*

#### 1.   Thompson's Arguments in Support of Remand

Thompson contends that this Court lacks subject matter jurisdiction over this case because "[a]lthough the parties are diverse, the amount in controversy is clearly less than $75,000."[26] Thompson concedes that he made a pre-petition demand for $80,880 from Defendants, but argues that he "[knew] full well that the defendant was not going to pay it."[27] He avers that:

> Prior to filing an Answer, undersigned counsel discussed this case with defense counsel; [sic] informed him of these negotiations; [sic] and the injuries; [sic] and advised that not only was removal inappropriate, but that he would enter into a formal stipulation admitting as much. With both attorneys leaving town, the stipulation could not be signed and given to defense counsel timely, and the removal was filed (presumably) in an abundance of caution to avoid deadline issues.[28]

Thompson points to his June 23, 2014 stipulation as evidence that the amount in controversy does not exceed $75,000.[29]

#### 2.   Defendants' Arguments in Opposition to Remand

In opposition to Thompson's Motion to Remand, Defendants contend that "[i]f Plaintiff is seeking to recover past, present, and future medical expenses, as well as lost wages and property

---

[26] Rec. Doc. 4-1 at p. 1.

[27] *Id.* at p. 5.

[28] *Id.* at p. 2.

[29] *Id.* (citing Rec. Doc. 4-2).

damage, then the damages may very well exceed the required amount in controversy."[30] Defendants cite two cases which, they contend, "demonstrate[] that the awards for this type of case could very well exceed $75,000.[31]  Defendants additionally argue that Thompson told a claims adjuster that "on a soft-tissue basis ALONE, the case should be worth at least $20,000 but that he needed to give some consideration for the disc bulges."[32]  Defendants also contend that Thompson's pre-petition demand for $80,880 establishes that the amount in controversy exceeds the jurisdictional minimum.[33] Finally, Defendants aver that once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the Court of jurisdiction.[34] Since "the value of the amount in controversy was unequivocally $80,880 at the time of removal," according to Defendants, Thompson's stipulation "is too little too late."[35]

### 3.      Thompson's Arguments in Further Support

In further support of his motion, Thompson submits that "there is another lawsuit arising out of the same accident involving the same attorneys and the same parties in the Civil District Court for the Parish of Orleans, Case No. 2014:5671 entitled "*Crystal Deruise vs.* [sic] *Acceptance Indemnity Insurance Company, et al* [sic]."[36] Thompson does not provide the Court with any additional

---

[30] Rec. Doc. 5 at p. 3.

[31] *Id.* (citing *Gurley v. Encompass Insurance*, 985 So.2d 299 (La. App. 4 Cir. 2008); *Woolfork v. Trism, Inc.*, 976 So.2d 216 (La. App. 4 Cir. 2008)).

[32] *Id.* at p. 3 (citing Rec. Doc. 4-1 at p. 2).

[33] *Id.* at p. 2 (citing Rec. Doc. 1-4).

[34] *Id.* at p. 3.

[35] *Id.*

[36] Rec. Doc. 12.

information about this case, or explain why or how it should impact the Court's determination of the instant motion.

**B.      *Amount in Controversy Requirement***

Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c). Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[37]  Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" which includes diversity jurisdiction.[38] For diversity jurisdiction to exist, the parties' citizenship must be completely diverse and the amount in controversy must exceed $75,000.[39]   The parties here do not contest that complete diversity of citizenship exists, but only whether the amount in controversy requirement is satisfied.

Generally, the amount of damages sought in the petition constitutes the amount in controversy, so long as the pleading was made in good faith.[40] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[41] Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.[42] A Louisiana plaintiff is required, however, to state "a general allegation that the claim exceeds or is less than the requisite amount" if he wishes

---

[37] 28 U.S.C. § 1447(c).

[38] 28 U.S.C. §§ 1441(a) and 1332(a).

[39] 28 U.S.C. § 1332(a).

[40] *Allen*, 63 F.3d at 1335 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[41] *Id.*

[42] *See* La. Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand.").

to establish "the lack of jurisdiction of federal courts."[43] Even then, a general allegation that a plaintiff's claims are above or below the federal jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law."[44] Courts treat such general allegations as stating an "indeterminate amount of damages."[45]

In such instances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[46] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiffs' claims likely exceed the jurisdictional amount, or by setting forth facts in dispute that support a finding that the jurisdictional amount is satisfied.[47] The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[48] When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal.[49] If the defendant meets its burden of

---

[43] *Id.*

[44] *McCord v. ASI Lloyds/ASI Underwriters*, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (Vance, J.) (citing *Mouton v. Meritplan Ins. Co.,* 2010 WL 2978495, at *2 n. 15 (E.D.La. July 20, 2010) (treating a general allegation in a plaintiff's petition that damages were less than $75,000 as alleging an indeterminate amount)).

[45] *Id.* (citation omitted); *see also Hammel v. State Farm Fire & Cas. Co.*, 2007 WL 519280, at *3 (E.D. La. Feb. 14, 2007) (Vance, J.) (treating plaintiffs' allegation that their "claim does not exceed $75,000" in their petition as alleging an "indeterminate amount of damages")).

[46] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[47] *Allen*, 63 F.3d at 1335.

[48] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[49] *Allen*, 63 F.3d at 1335.

showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.[50]

## C.    Analysis

Thompson's petition does not allege that his claims are above or below the federal jurisdictional requirement, nor does it state the actual damages allegedly sustained by Thompson. Instead, Thompson alleges that he is entitled to the following categories of damages: (1) medical expenses (past, present, and future); (2)  mental anguish (past, present, and future); (3) pain and suffering (past, present, and future); (4) wage loss; (5) property damage; (6) transportation expense; (7) loss of use; (8) loss of enjoyment of life; and (9) loss of earning capacity.[51] The inclusion of categorical claims of damages, without identifying the specific physical injuries that Thompson allegedly suffered as a result of the accident, is of little use to the Court to determine whether it is facially apparent from the petition that the jurisdictional minimum has been met.[52] Based on the vague allegations in the petition and the absence of any information regarding the actual damages that Thompson asserts are applicable, the amount in controversy is not apparent from the face of the petition.

Since it is not "facially apparent" from Thompson's petition that his damages will exceed the jurisdictional minimum, the Court must next consider whether Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this matter is

---

[50] *De Aguilar*, 47 F.3d at 1412.

[51] Rec. Doc. 1-1 at p. 5.

[52] *See, e.g.*, *Creppel v. Fred's Stores of Tennessee, Inc.*,  2013 WL 3490927, at *4 (E.D. La. July 10, 2013) (Barbier, J.) ("Plaintiffs' petition is ambiguous as to whether Plaintiffs' damages would exceed $75,000, because Plaintiffs merely pleaded the usual and customary damages set forth by personal injury plaintiffs.").

likely to exceed the jurisdictional minimum.[53]  As evidence of the amount in controversy, Defendants point to the pre-petition demand letter sent by Thompson to Defendants, wherein Thompson offers to settle the pending suit for $80,800.[54]  In that letter, Thompson's counsel extensively addresses Thompson's physical injuries, treatment, and medical expenses, with references to supporting documentation.[55]

Although the Fifth Circuit Court of Appeals has definitively held that a settlement demand letter may be considered an "other paper" which commences the running of the period for filing a notice of removal under 28 U.S.C. § 1446(b),  it has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered relevant evidence of the amount in controversy. However, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.[56]  Furthermore, a number of district courts within the Fifth Circuit have looked to pre-petition settlement demand letters as "relevant evidence" of the amount in controversy.[57]

---

[53] *Allen*, 63 F.3d at 1335.

[54] *Id.*

[55] Rec. Doc. 1-4.

[56] *See Hartford Insurance Group v. Lou–Con Inc.*, 293 F.3d 908 (5th Cir.2002) (the "serious nature of the allegations" raised in a settlement demand letter and the proposed settlement amount were considered in making the jurisdictional amount determination); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper"); *see also Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917, *1 (5th Cir. 2002) (noting that several of its sister courts have considered settlement offers or demands in connection with the jurisdictional amount determination, finding that while the settlement offer itself "may not be determinative," it may "count [ ] for something" and may be considered relevant if it appears "to reflect a reasonable estimate of the plaintiff's claim.").

[57] *See, e.g. , Creppel v. Fred's Stores of Tennessee, Inc.*, CIV.A. 13-734, 2013 WL 3490927 (E.D. La. July 10, 2013) (Barbier, J.) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville ladder Inc.*, 2008 WL 1924234, at *2 (W.D.La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392); *Lemus v. Intercontinental Hotels Corp.*, 2000 WL 526872, at *3 (E.D. La. May 1, 2000) (Clement, J.); *Bourg v. Fireman's Fund Ins. Co.*, 1999 WL 335636, at *2 (E.D. La. May 24, 1999) (Clement, J.); *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La. 1995) (Polozala, J.)

In the present case, Thompson has not argued in his motion to remand that the settlement demand was inflated or that it was not an honest assessment of his damages.  In light of the specificity of the demand letter, the supporting documentation with respect to Thompson's medical injuries, and the fact that Thompson has not argued that the damages set forth in the letter were incorrect, the Court finds that the pre-petition settlement demand letter is relevant "summary judgment type" evidence of the amount in controversy at the time of removal.[58] Thompson argues that the demand letter is irrelevant to the amount in controversy because the parties engaged in subsequent settlement negotiations; however, this allegation is wholly unsupported by actual evidence.  Accordingly, the Defendants have accordingly shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

At this juncture, Thompson must show with legal certainty that his claim is for less than $75,000 if the Court is to remand this action. Thompson may establish such legal certainty "by filing a binding stipulation" that limits recovery to less than $75,000.[59] However, "[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[60]

---

(denying remand where pre-petition settlement demand was for $110,000).

[58] *See, e.g., Creppel v. Fred's Stores of Tennessee, Inc.*, CIV.A. 13-734, 2013 WL 3490927 (E.D. La. July 10, 2013) (Barbier, J.); *Carver v. Wal–Mart Stores, Inc.*, 2008 WL 2050987 (M.D. La. May 13, 2008) (Noland, Mag.); *Lemus v. Intercontinental Hotels Corp.*, 2000 WL 526872, at *3 (E.D. La. May 1, 2000) (Clement, J.); *Bourg v. Fireman's Fund Ins. Co.*, 1999 WL 335636, at *2 (E.D. La. May 24, 1999) (Clement, J.); *Fairchild v. State Farm Mut. Automobile Ins. Co.,* 907 F.Supp. 969, 970 (M.D. La. 1995) (Polozola, J.).

[59] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

[60] *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that a court may only consider a post-removal stipulation or affidavit if the basis for jurisdiction is ambiguous at the time of removal); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995) ("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"); *Corkern v. Outback Steakhouse of Florida, Inc.*, 2006 WL 285994, at *2 (E.D. La. Feb. 6, 2006) (Vance, J.); *Guillory v. Chevron Stations, Inc.*, 2004 WL 1661201 (E.D.La. 2004)(Given that

11

Thompson first argues that on February 26, 2014, he orally reduced his settlement offer to $75,000 and stated that he was willing to negotiate further.[61] In a sworn affidavit dated August 14, 2014, Thompson's attorney, Robert P. Charbonnet, Jr., states that:

> On the 26th day of February, 2014, [Charbonnet] spoke to Mr. Alan Knott, a claims adjuster for defendant, Acceptance Indemnity Insurance Company. During that conversation Mr. Charbonnet reduced his settlement offer to $75,000.00 and stated that he was willing to negotiate further.[62]

This affidavit, however, has little value because it is not a sufficient binding stipulation. It indicates only that Thompson would be willing to accept a lower settlement award, not that Thompson has waived entitlement to recover damages in excess of $75,000 in the event that he is awarded that amount in state court. A Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition.[63] Accordingly, the Court finds that the August 14, 2014 affidavit is insufficient to meet Thompson's burden of showing with legal certainty that his claim is below the federal jurisdictional requirement.[64]

Thompson additionally points to his post-removal stipulation as evidence that his claim is below $75,000. The Fifth Circuit has held that post-removal affidavits may be considered only if

---

the amount in controversy was not facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000 was in controversy, the court credited the plaintiff's post-removal stipulation); *Easley v. Pace Concerts*, 1999 WL 649632 (E.D.La. 1999).

[61] Rec. Doc. 7-4.

[62] *Id.*

[63] *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

[64] *See Onstott v. Allstate Ins. Co.*, 2006 WL 2710561, at *2 (E.D.La Sept. 20, 2006 (Vance, J.) finding no binding stipulation when plaintiff did not waive entitlement to recover damages in excess of the jurisdictional amount); *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617, at *3 (E.D. La. Nov. 3 2003) (finding that plaintiffs' affidavit agreeing "not to seek damages in excess of $75,000" insufficient because "plaintiffs are not limited to recovery of the damages requested in their pleadings," and they did not "stipulate that they would not accept more than $75,000 if a state court awarded it").

the basis for jurisdiction is ambiguous at the time of removal.[65]  This is because once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.[66] Plaintiffs wishing to remain in state court and comply with state rules of civil procedure may  prevent removal by filing a binding stipulation or affidavit *with their complaints*, so long as the stipulation establishes to a "legal certainty" that the federal amount in controversy is not present.[67] The stipulation must be irrevocable on the plaintiff's part, and not represent an attempt to "manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand."[68] The stipulation must also occur pre-removal, since post-removal stipulations generally have no effect.[69]

In this case, the Court declines to consider Thompson's post-removal stipulation for two reasons. First, the stipulation was filed days after removal, not with Thompson's petition. It accordingly does not establish to a legal certainty that the federal amount in controversy was not present at the time of removal.[70] Second, jurisdiction was not ambiguous at the time of removal

---

[65] *Id.* (holding that a court may only consider a post-removal stipulation or affidavit if the basis for jurisdiction is ambiguous at the time of removal); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995) ("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"); *Corkern v. Outback Steakhouse of Florida, Inc.*, 2006 WL 285994, at *2 (E.D. La. Feb. 6, 2006) (Vance, J.); *Guillory v. Chevron Stations, Inc.*, 2004 WL 1661201 (E.D.La. 2004)(Given that the amount in controversy was not facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000 was in controversy, the court credited the plaintiff's post-removal stipulation); *Easley v. Pace Concerts*, 1999 WL 649632 (E.D.La. 1999).

[66] *Gebbia v. Wal Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[67] *De Aguilar*, 47 F.3d at 1412.

[68] *Id.*

[69] *Gebbia*, 233 F.3d at 883.

[70] Rec. Doc. 1.

because Thompson's pre-petition demand letter established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Even if the Court did consider the post-removal stipulation, remand would still be denied. Thompson had ample opportunity prior to filing his petition to stipulate that the amount in controversy in this case does not exceed the jurisdictional minimum. Despite apparently discussing the possibility of a stipulation with Defendants months prior to filing his petition,[71] Thompson failed to actually stipulate to the amount in controversy until *after* Defendants removed the action to federal court. Considering both the specificity of the pre-petition demand letter and Thompson's unexplained delay in filing his stipulation, it appears that his post-removal stipulation is merely an impermissible attempt to deprive this Court of jurisdiction that has already vested.[72]

Finally, Thompson submits that remand is appropriate because "there is another lawsuit arising out of the same accident involving the same attorneys and the same parties in the Civil District Court for the Parish of Orleans."[73] However, Thompson provides no further elaboration of the facts

---

[71] Rec. Doc. 7-4.

[72] *See Nelson v. Nationwide Mut. Ins. Co.*, 192 F.Supp.2d 617, 620 (E.D. La. 2001) (Fallon, J.) (considering post-removal stipulation where the amount in controversy at the time of removal was ambiguous, but concluding that the stipulation constituted "an attempt to voluntarily reduce the amount in controversy below the jurisdictional limit" in contradiction to an interrogatory response by plaintiff stating that his general damages was $250,000).

[73] Rec. Doc. 12.

of the pending lawsuit or why Thompson believes that the cases are related. Thompson's vague reference to "another lawsuit" is insufficient to meet his burden of showing with legal certainty that his claim is below the federal jurisdictional requirement.[74]

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike[75] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand[76] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __29th__ day of December, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[74] *See Onstott v. Allstate Ins. Co.*, 2006 WL 2710561, at *2 (E.D.La Sept. 20, 2006 (Vance, J.) finding no binding stipulation when plaintiff did not waive entitlement to recover damages in excess of the jurisdictional amount); *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617, at *3 (E.D. La. Nov. 3 2003) (finding that plaintiffs' affidavit agreeing "not to seek damages in excess of $75,000" insufficient because "plaintiffs are not limited to recovery of the damages requested in their pleadings," and they did not "stipulate that they would not accept more than $75,000 if a state court awarded it").

[75] Rec. Doc. 7.

[76] Rec. Doc. 4.

15